IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| MARION R.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 2:21CV259 (RCY) |
| | ) |
| KILOLO KIJAKAZI,[2] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 26) from United States Magistrate Judge Douglas E. Miller filed on April 5, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 21, 23), which Plaintiff and Defendant respectively filed on February 18, 2022, and March 18, 2022. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 27, 28). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'") (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)). In conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the factual and procedural history of this matter. (R&R at 2-14.) This matter involves Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). (*Id.* at 1); s*ee* 42 U.S.C. § 405(g). Plaintiff alleged disability beginning on November 1, 2013. (*Id.* at 2.) She filed for SSI benefits on February 18, 2016, based on her mental health issues and human immunodeficiency virus. (*Id.*) An Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request on April 11, 2018, at which Plaintiff appeared with counsel, and thereafter denied Plaintiff's claim for SSI, finding that Plaintiff was not disabled. (*Id.*) On October 22, 2019, the Appeals Council issued an order directing the ALJ to "further evaluat[e] . . . the claimant's mental limitations," specifically Plaintiff's moderate limitation in adapting or managing herself. (*Id.*) A second hearing was held before an ALJ on February 28, 2020, at which Plaintiff again appeared with counsel. On March 12, 2020, the ALJ denied Plaintiff's claim, finding that Plaintiff was not disabled during the period alleged and that "Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*) Pursuant to Social Security Administration regulations, the ALJ followed a five-step evaluation process in making the disability determination. (*Id.* at 17); *see Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal

2

an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. (R&R at 17.) Next, "[a]t step two, the ALJ found that Plaintiff suffered from the following severe impairments: other specified bipolar and related disorder, post-traumatic stress disorder ("PTSD"), stimulant use disorder, and opioid use disorder." (*Id.*) Then, "[a]t step three, the ALJ found that Plaintiff did not suffer from a listed impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments" in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*) After step three, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels," with the following non-exertional limitations:

> She is limited to job tasks requiring only occasional decision making and having only occasional changes in the work setting. She is capable of only occasional interaction with coworkers, supervisors and the public. She can tolerate a low level of work pressure, defined as work not requiring multitasking, significant independent judgment, sharing of job tasks, or fast-paced tasks such as assembly line jobs involving production quotas. She can carry out detailed but uninvolved instructions to perform simple, routine, and repetitive tasks on a regular and sustained basis to complete a normal work day and week.

(*Id.*) The ALJ determined at step four that Plaintiff had no past relevant work. (*Id.*) At step five, the ALJ relied on the testimony of the vocational expert and found that Plaintiff could perform other jobs that exist in significant numbers in the national economy. (*Id.*)

On July 29, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (*Id.* at 2); *see* 42 U.S.C. §§ 405(g), (h), 1383(c)(3); 20 C.F.R. § 404.981. Plaintiff then sought review of the ALJ's decision in this Court, filing her Complaint on May 7, 2021. (Compl., ECF No. 1.)

The Magistrate Judge considered the challenges brought by Plaintiff. In her motion for summary judgment, Plaintiff presented a single argument: the ALJ failed to support his RFC determination with substantial evidence by not giving proper weight to the opinion of the consultative examiner, as supported by the treating physician's opinion. (Pl.'s Mot. Summ. J. at 1, ECF No. 21; *see also* R&R at 15.)

The Magistrate Judge addressed each of Plaintiff's five sub-arguments in turn. First, Plaintiff argued that the ALJ cherry-picked or mischaracterized the evidence (Pl.'s Mem. Supp. Mot. Summ. J. at 13, ECF No. 22; R&R at 20). Second, Plaintiff asserted that the ALJ misunderstood "Plaintiff's history of illness" by finding impairments improved when Plaintiff took her medication. (Pl.'s Mem. Supp. Mot. Summ. J. at 13; R&R at 21.) Third, Plaintiff argued that the ALJ assumed "Plaintiff could sustain prolonged activity simply because she performed so well on medication." (R&R at 23; Pl.'s Mem. Supp. Mot. Summ. J. at 14.) Fourth, Plaintiff argued that the ALJ should have given greater weight to the opinion of Ms. Work, a licensed professional counselor, that was consistent with Dr. Hyder's check box opinion. (Pl.'s Mem. Supp. Mot. Summ. J. at 15-16; R&R at 24-28.) Fifth, that that ALJ should have relied more on the vocational expert's opinion that an employer would not tolerate more than one absence per month and ten percent off task time. (Pl. Mem. Supp. Mot. Summ. J. at 17-19; R&R at 28.)

The Magistrate Judge determined that was "no error in the ALJ's analysis[,]" that "the ALJ's consideration of all opinion evidence conformed with regulations," and that "substantial evidence" supported the ALJ's decision. (R&R at 15, 18.) He cited "several notes throughout the record as a whole show that Plaintiff improved with medication," showing that the ALJ did not

cherry-pick[3] the record. (*Id.* at 20.) The Magistrate Judge found that the ALJ cited ample evidence that the plaintiff's cycle of symptoms was caused by her "cyclical compliance with medication," and that Plaintiff's symptoms were not "waxing and waning symptoms that happen while compliant with a 'course of treatment,'" but were symptoms of Plaintiff's ignoring her course of treatment. (*Id.* at 22.) In response to Plaintiff's argument that the ALJ made assumptions about Plaintiff's ability to engage in prolonged activity when on medication, the Magistrate Judge found that the ALJ had accounted for Plaintiff's mental limitations in her RFC, where she restricted Plaintiff to "occasional decision-making, changes, and interactions with others; low work pressure; and simple tasks." (*Id.* at 23-24.) Fourth, the Magistrate Judge found the ALJ to have provided sufficient explanation for discounting Dr. Hyder's "check-box opinion" that supported the findings of Ms. Work: the "check-box opinion" lacked any explanation for how the "Plaintiff's bipolar disorder would cause Plaintiff to be so limited that she could not work," and the doctor "opined on an issue reserved to the Commissioner" – that a person is "unable to work." (*Id.* at 26-27.) Finally, the Magistrate Judge pointed out that the ALJ was not bound by the vocational expert's hypothesis that more than one absence a month would eliminate jobs when there was no medical evidence that the Plaintiff would have attendance problems due to her mental illness. (*Id.* at 28.)

Accordingly, the Magistrate Judge recommended to the Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 15, 29); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

---

[3] Cherry-picking occurs when the ALJ focuses on a "single treatment note that purportedly undermines [the] overall assessment of claimant's functional limitations." *Hudon v. Colvin*, No. 12-cv-269, 2013 WL 6839672, at *8 (E.D.N.C. Dec. 23, 2013).

5

Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On April 19, 2022, Plaintiff filed her Objection to the Magistrate Judge's R&R. (Obj., ECF No. 27.) Plaintiff objects to the Magistrate Judge's finding that the ALJ properly weighed the opinion evidence. (*Id.* at 1.) She contends that

> the Magistrate Judge does not address Plaintiff's contention that LPC Work was fully aware of the fact that Plaintiff had been off medication for a month prior to and during her examination of Plaintiff. It is a mischaracterization of the record for the ALJ to suppose that LPC Work was not absolutely aware of this fact when she rendered her opinion, and as such, factored this information into her conclusion.

(*Id.* at 2.) She argues that it was improper for the Magistrate Judge to find support for the ALJ's rejection of LPC Work's opined limitations because the Magistrate Judge speculated on what evidence the ALJ used to formulate his decision, and neither the "court nor the Commissioner can fill-in the gaps for the ALJ."[4] (*Id.* at 3 (citing *Torres v. Colvin*, No. 1:15-CV-7, 2016 WL 54933, at *9 (W.D.N.C. Jan. 5, 2016)).) She further contends that the ALJ cherry-picked evidence by "ignor[ing] evidence or misstat[ing] other material facts that clearly point to a disability finding" and that "the record also shows that Plaintiff's symptoms waxed and waned over the course of treatment." (*Id.* at 3 (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 99 (4th Cir. 2020)).) She cites a Third Circuit case for the premise that "a doctor's observation that a patient is stable and well controlled with medication during treatment does not support a medical conclusion that [the patient] can return to work." (*Id.* (quoting *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000)) (internal quotations omitted).) Plaintiff contends that it was error for the ALJ to not consider non-compliance with treatment and medication a symptom of mental illness. (*Id.* at 4-5.) Finally, Plaintiff argues that neither the Magistrate Judge nor the ALJ explained why Dr. Hyder's check-box opinion and Ms. Work's opinions were not "entirely supportive of each other." (*Id.* at 5-6.)

---

[4] *Torres v. Colvin* reads, "It is neither the Commissioner's nor this Court's duty to fill-in the gaps for the ALJ." No. 1:15-CV-7, 2016 WL 54933, at *9 (W.D.N.C. Jan. 5, 2016).

Thus, Plaintiff asks the Court to reject the R&R and remand this matter for further administrative proceedings, including a de novo hearing and a new decision. (*Id.* at 6.)

Defendant disagrees with the Objection. In her response, Acting Commissioner Kijakazi contends first that "Plaintiff's objections reargue the same issues raised in her initial brief," and those issues were already fully presented to the Magistrate Judge. (Resp. to Obj. at 1-2, ECF No. 28.) She also contends that "substantial evidence supports the ALJ's evaluation of the opinion evidence" and the ALJ correctly evaluated Ms. Work's opinion "in accordance with the applicable regulations and found it entitled to less weight." (*Id.* at 3.) In answer to the argument that the Magistrate Judge erred by pointing to evidence in the record that "he believes provides support for the ALJ's rejection of LPC Work's opined limitations," Defendant contends that the Commissioner did not engage in post-hoc rationalization, nor did the Magistrate Judge improperly consider and reference specific elements of record. (*Id* at 5.) Defendant argues that, even if the Magistrate Judge considered and referenced the record, the Court has "power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (*Id.* at 5) (quoting 42 U.S.C. § 405(g)). Third, Defendant contends that "Magistrate Judge Miller fully addressed [the cherry-picking] arguments in the R&R and concluded that the ALJ did not cherry-pick or mischaracterize the evidence." (*Id.* at 6.) She also points out that "Magistrate Judge Miller did not agree with Plaintiff's contention that Ms. Work's opinion applied regardless of whether she was taking medication. Rather, . . . Ms. Work opined only on Plaintiff's limitations based on her point-in-time examination while Plaintiff was non-compliant with medication." (*Id.* at 6-7) (reference to the R&R omitted). Fourth, Defendant contends that Magistrate Judge Miller concluded that the Plaintiff's mental illness was accurately accounted for in the ALJ's opinion. (*Id.* at 7.) Fifth, Defendant argues that the similarities between Dr. Hyder's and Ms. Work's

7

opinions "does not render them entitled to greater weight where each deserves lesser weight in their own right under the regulations." (*Id.* at 8.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In 2019, the Supreme Court confirmed that the substantial-evidence standard "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It explained that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. Even more recently, in 2020, the Supreme Court reaffirmed that the substantial-evidence standard is "highly deferential," explaining that "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citing 8 U.S.C. § 1252).

The Court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"); *Nasrallah*, 140 S. Ct. at

1692 (referring to the standard as "highly deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard, having reviewed the record, Plaintiff's Objection, and the Magistrate Judge's detailed R&R, the Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were all properly considered and rejected by the Magistrate Judge. The Court also finds that Magistrate Judge Miller correctly considered "the pleadings and transcript of the record" when finding that the ALJ properly gave less weight to the opinion of Ms. Work. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.") The Court further finds that the Magistrate Judge properly considered whether a mental illness caused Plaintiff's noncompliance with treatment and correctly found the evidence showed Plaintiff's treatment lapses were attributable to other forces, such as incarceration or her unimpaired decision to cease taking her medication. (R&R at 19); *see Pate-Fires v. Astrue*, 564 F.3d 935, 945-46 (8th Cir. 2009) (finding that because there was no "evidence . . . indicat[ing] [claimant's] noncompliance at any time was a result of something other than her mental illness," the claimant had "good reason" for her failure to comply with her medication); 20 C.F.R. § 416.930(b) ("If [a claimant does] not follow the prescribed treatment without a good reason, [the Social Security Administration] will not find [the claimant] disabled . . ."). Accordingly, Plaintiff's Objection will be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 26). Plaintiff's Motion for Summary Judgment, (ECF No. 21), will be denied, and

Defendant's Motion for Summary Judgment, (ECF No. 23), will be granted. The final decision of the Commissioner will be affirmed.

    An appropriate Order will accompany this Memorandum Opinion.

                                                    /s/_____
                                            Roderick C. Young
                                            United States District Judge

Richmond, Virginia
Date: <u>September 20, 2022</u>